McCULLY & BEGGS, P.C.
Suite 200, Pan American Building
139 Murray Boulevard
Hagatna, GU 96932
Telephone: (671) 477-7418

Attorneys for Defendants, LPP Mortgage
Ltd. and Countrywide Home Loans, Inc.



FILED
DISTRICT COURT OF GUAM

MAR 22 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| IGNACIO T. REYES & ESPRECIOSA L.G. REYES,<br><br>Plaintiffs,<br><br>v.<br><br>LPP MORTGAGE LTD. &<br>COUNTRYWIDE HOME LOANS, INC.,<br><br>Defendants. | CIVIL NO. 06-00010<br><br>NOTICE OF REMOVAL |

TO THE HONORABLE JUDGES OF THE DISTRICT COURT OF GUAM AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants, LPP MORTGAGE LTD., a Texas Limited Partnership, and COUNTRYWIDE HOME LOANS, INC., a New York Corporation, ("Defendants"), respectfully provide notice that pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446(a) and 48 U.S.C. § 1424(b), Defendants are removing a claim pending in the Superior Court of Guam: <u>Ignacio T. Reyes & Espreciosa L.G. Reyes v. LPP Mortgage Ltd. and Countrywide Home Loans, Inc.</u>,

ORIGINAL

Civil Case No. CV0186-06 ("Superior Court Action").

The following is a short and plain statement of the grounds for removal and a listing of the pleadings to date:

1. On February 22, 2006, Plaintiffs, who are residents of Guam, filed a Complaint against Defendants in the Superior Court of Guam in the Superior Court Action. Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint served on Defendants in the Superior Court Action.

2. The document attached as Exhibit "A" hereto constitutes all process, pleadings and orders received or served by Plaintiffs, Ignacio T. Reyes and Espreciosa L.G. Reyes, in the Superior Court Action.

3. The Summons and Complaint were served upon counsel for Defendants on February 22, 2006. Accordingly, this Notice of Removal is being filed within thirty days of service and is timely pursuant to 28 U.S.C. § 1446(b).

4. This action is an action over which the Federal District Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, because:

a. The action is a civil action between citizens of

different states:

    i. Plaintiffs are residents of Guam;

    ii. Defendant, LPP Mortgage Ltd. is a Texas Limited Partnership with its principal place of business in the State of Texas;

    iii. Defendant, Countrywide Home Loans, Inc. is a New York Corporation with its principal place of business in Calabasas, California.

b. The amount in controversy exceeds the sum of $75,000.00.

5. Removal of this action on the basis of diversity of citizenship is not precluded by 42 U.S.C. § 1441(b) because none of the parties in interest properly joined and served as a defendant is a citizen of Guam, the jurisdiction in which this action was brought.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this Court is the district embracing the place where such action is pending.

7. No previous application for removal has been made.

8. This Notice of Removal has been served on all named parties to the removed case.

WHEREFORE, Defendants respectfully remove the original action brought by Defendants now pending in the Superior Court of Guam from that Court to this Court.

DATED: March 22, 2006.

McCULLY & BEGGS, P.C., Attorneys for LPP Mortgage Ltd. & Countrywide Home Loans, Inc.

_____
MARK S. BEGGS

F#3695-638



The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'Ia', Espiritu-ta"

SUPERIOR COURT OF GUAM

2006 FEB 22 PM 12:29

CLERK OF COURT

BY:

IN THE SUPERIOR COURT OF GUAM

HAGÅTÑA, GUAM

| | |
|---|---|
| IGNACIO T. REYES and ESPRECIOSA L.G. REYES, <br><br> Plaintiffs, <br><br> vs. <br><br> LLP MORTGAGE LTD., COUNTRYWIDE HOME LOANS, INC., And DOES 1-99, <br><br> Defendants. | CIVIL CASE NO. CV 0186-06 <br><br> SUMMONS |

**TO:   LLP MORTGAGE LTD.**

YOU ARE HEREBY SUMMONED and required to serve upon PHILLIPS & BORDALLO, P.C., Attorneys for Plaintiffs, whose address is: 410 WEST O'BRIEN DRIVE, Hagåtña, Guam 96910, an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

RICHARD B. MARTINEZ
CLERK OF COURT
Superior Court of Guam

By: Ryan T. Balajadia
DEPUTY CLERK

**EXHIBIT A**

RECEIVED
McCully and Beggs, P.C.
Date: 2/22/06  Time: 1:00 PM



**The Law Offices of**
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta"

SUPERIOR COURT OF GUAM
2006 FEB 22 PM 12: 29
CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT OF GUAM

HAGÅTÑA, GUAM

| | |
|---|---|
| IGNACIO T. REYES and ESPRECIOSA L.G. REYES, <br><br> Plaintiffs, <br><br> vs. <br><br> LLP MORTGAGE LTD., COUNTRYWIDE HOME LOANS, INC., And DOES 1-99, <br><br> Defendants. | CIVIL CASE NO. CV 0186-06 <br><br> **SUMMONS** |

**TO: LLP MORTGAGE LTD.**

YOU ARE HEREBY SUMMONED and required to serve upon PHILLIPS & BORDALLO, P.C., Attorneys for Plaintiffs, whose address is: 410 WEST O'BRIEN DRIVE, Hagåtña, Guam 96910, an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

RICHARD B. MARTINEZ
CLERK OF COURT
Superior Court of Guam

By: Ryan T. Balajadia
DEPUTY CLERK

**RECEIVED**
McCully and Beggs, P.C.
Date: 2/22/06  Time: 1:00 PM



**The Law Offices of**
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'Ia', Espiritu-ta"

IN THE SUPERIOR COURT OF GUAM

HAGÅTÑA, GUAM

| | |
|---|---|
| IGNACIO T. REYES and ESPRECIOSA L.G. REYES, | CIVIL CASE NO. CV **CV 0186-06** |
| Plaintiffs, | **NOTICE OF LIS PENDENS** |
| vs. | |
| LLP MORTGAGE LTD., COUNTRYWIDE HOME LOANS, INC., And DOES 1-99, | |
| Defendants. | |

NOTICE IS HEREBY GIVEN that the above-entitled action concerning and affecting real property as described herein is now pending in the Superior Court of Guam.

Lot No. 341-1, Merizo, Guam; which is now described as: Lot No. 341-1-1 and an undivided 1/3 interest in Lot No. 341-1-R/W, Merizo, Guam, Estate No. 73260, Suburban, as said lot is marked and designated on Map Drawing No. RTDC090594, dated August 4, 1995 and recorded on April 10, 1996 in the Department of Land Management, Government of Guam, as Instrument No. 543979. Area: 1,587± square meters (Lot No. 341-1-1; 797± square meters (Lot No. 341-1-R/W)

Dated this 22ND day of February 2006.

RICHARD B. MARTINEZ
CLERK OF COURT
Superior Court of Guam

By: _Ryan T. Balajadia_
DEPUTY CLERK

I do hereby certify that the foregoing is a true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

FEB 2 2 2006

Ryan T. Balajadia
Deputy Clerk, Superior Court of Guam

**RECEIVED**
McCully and Beggs, P.C.
Date: 2/22/06 Time: 1:00 PM



**The Law Offices of**
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'Ia', Espiritu-ta"

IN THE SUPERIOR COURT OF GUAM

HAGATNA, GUAM

| | |
|---|---|
| IGNACIO T. REYES and ESPRECIOSA L.G. REYES,<br><br>Plaintiffs,<br><br>vs.<br><br>LLP MORTGAGE LTD., COUNTRYWIDE HOME LOANS, INC., and DOES 1-99,<br><br>Defendants. | CIVIL CASE NO. **CV 0186-06**<br><br>**COMPLAINT FOR PERMANENT INJUNCTION; FRAUD; CANCELLATION OF MORTGAGE; QUIET TITLE; BREACH OF FIDUCIARY DUTY; AND DEMAND FOR JURY TRIAL** |

Plaintiffs IGNACIO T. REYES and ESPRECIOSA L.G. REYES, through their attorneys of record Phillips & Bordallo, P.C., by Michael F. Phillips, allege the following against LPP MORTGAGE LTD., COUNTRYWIDE HOME LOANS, INC., and DOES 1-99:

1. This Court has jurisdiction over this matter pursuant to 7 G.C.A. §3105.

2. Plaintiffs are Husband and Wife, and at all relevant times mentioned herein, are residents of the Island of Guam.

3. Defendant LPP MORTGAGE LTD. (hereinafter "LPP"), upon information and belief, is and at all relevant times was, a Texas Limited Partnership conducting business in Guam.

4. Defendant COUNTRYWIDE HOME LOANS, INC. (hereinafter "Countrywide"), upon information and belief is and at all relevant times was, a Texas Limited Partnership conducting business in Guam.

RECEIVED
McCully and Beggs, P.C.
Date: _____ Time: _____

IGNACIO T. REYES and ESPRECIOSA L.G. REYES, Plaintiffs, vs. LLP MORTGAGE LTD., COUNTRYWIDE HOME LOANS, INC., and DOES 1-99,
**COMPLAINT FOR PERMANENT INJUNCTION; FRAUD; CANCELLATION OF MORTGAGE; QUIET TITLE; BREACH OF FIDUCIARY DUTY; AND DEMAND FOR JURY TRIAL**
CIVIL CASE NO. _____

Page 2

5. Upon information and belief, Defendants DOES 1-99 are corporations, entities and/or agents, heirs or successor in interest of Defendants. The exact identities of DOES 1-99 are unknown at this time but will be incorporated into the complaint in the future.

6. Plaintiffs are the owners of a certain parcel of real property located in the Municipality of Merizo, Island of Guam (hereinafter referred to as "the Merizo Property"), more particularly described as follows:

> Lot No. 341-1, Merizo, Guam; which is now described as: Lot No. 341-1-1 and an undivided 1/3 interest in Lot No. 341-1-R/W, Merizo, Guam, Estate No. 73260, Suburban, as said lot is marked and designated on Map Drawing No. RTDC090594, dated August 4, 1995 and recorded on April 10, 1996 in the Department of Land Management, Government of Guam, as Instrument No. 543979. Area: 1,587± square meters (Lot No. 341-1-1; 797± square meters (Lot No. 341-1-R/W)

7. On or about, April 20, 1991 Mr. & Mrs. Reyes borrowed $92,600.00 from the Small Business Administration, an agency of the Government of the United States. Plaintiffs secured the loan with a Promissory note and a Mortgage on their first home. The promissory note and mortgage were subsequently assigned to Defendant LPP Mortgage Ltd., and in November of 2003 Defendant Countrywide Home Loans Inc. was designated as the servicing agent for Defendant LPP Mortgage. A copy of the First Mortgage with Power of Sale is attached as Exhibit "A" and fully incorporated herein by this reference.

8. The mortgage loan was originally made on April 20, 1991. The Plaintiffs were in good standing and making all payments on a timely basis to SBA and then to Beal Bank as servicing agent for SBA.

9. Plaintiffs made timely payments each month to Beal Bank until sometime in late 2002. Plaintiffs did not know when the servicing of the loan was assigned to Defendant Countrywide Home Loans, Inc.

10. Plaintiffs continued to make payments directly to Beal Bank. Beal Bank eventually began rejecting payments that were being tendered by Plaintiffs.

## CLAIM I - ACCOUNTING

11. Plaintiffs reallege and fully incorporate herein the allegations in paragraphs 1-10, supra.

12. Plaintiffs began making payments to Defendant Countrywide on or about January 2004. Because of the confusion associated with the rejected payments and the delays in determining who the monies should be forwarded to Plaintiffs requested an accounting.

13. Plaintiffs were promised an accounting but Defendants failed to perform the duties to provide one.

14. Despite Plaintiffs efforts to obtain an accounting and efforts to maintain their timely payments, Defendants declared default and caused to be scheduled a sale of Plaintiffs' home on June 30, 2005.

15. On June 29, 2005, Plaintiffs, proceeding Pro Se, filed a Chapter 7 Bankruptcy application with the District Court of Guam. On December 28, 2005 the District Court granted the Defendant's motion for dismissal for failure of the Plaintiffs to properly pursue the requirements of the Bankruptcy case.

16. On January 19, 2006 Defendants caused to be filed at the Department of Land Management a Notice of Sale Under Mortgage, under Document Number 720042.

IGNACIO T. REYES and ESPRECIOSA L.G. REYES, Plaintiffs, vs. LLP MORTGAGE LTD., COUNTRYWIDE HOME LOANS, INC., and DOES 1-99,
**COMPLAINT FOR PERMANENT INJUNCTION; FRAUD; CANCELLATION OF MORTGAGE; QUIET TITLE; BREACH OF FIDUCIARY DUTY; AND DEMAND FOR JURY TRIAL**
CIVIL CASE NO. _____

Page 4

17. On information and belief and pursuant to its Notice, the Defendants will improperly and wrongfully conduct a sale of the Merizo property on February 22, 2006 at 2:00 p.m.

18. As a result of the confusion associated with Defendant LPP Mortgage and its servicing agents Plaintiffs are unaware of the actual and exact amounts due and owing to Defendant LPP Mortgage.

19. The amount of money due from Plaintiffs to Defendants is unknown to Defendants and cannot be ascertained without an accounting of the receipts, disbursements, charges, costs, attorney's fees and other charges unknown to Plaintiffs.

20. Plaintiffs have demanded an accounting of the transactions between Defendants and Plaintiffs. Defendants have failed and refused, and continue to fail and refuse, to render such an accounting.

## CLAIM II - BUSINESS LICENSE VIOLATIONS

21. Plaintiffs reallege and fully incorporate herein the allegations in paragraphs 1-20, supra.

22. It is the policy of the government of Guam that all businesses have business licenses. Defendants are in violation of this requirement.

23. Upon information and belief, at all times relevant herein, Defendants have failed to maintain a current business license to conduct their business.

24. Any person engaged in any commercial activity or money-making activity which does not require a business license shall obtain a statement from the Department of Revenue and Taxation indicating the name of the applicant, that no business license is required, and the

IGNACIO T. REYES and ESPRECIOSA L.G. REYES, Plaintiffs, vs. LLP MORTGAGE LTD., COUNTRYWIDE HOME LOANS, INC., and DOES 1-99,
COMPLAINT FOR PERMANENT INJUNCTION; FRAUD; CANCELLATION OF MORTGAGE; QUIET TITLE; BREACH OF FIDUCIARY DUTY; AND DEMAND FOR JURY TRIAL
CIVIL CASE NO. _____

Page 5

nature of the activity involved, and that the activity is exempt from the requirement for a business license. Upon information and belief, Defendants have failed to abide by this requirement.

25. As a result of Defendants failing to abide by the business license requirement, the promissory note and all mortgages are void and unenforceable.

## CLAIM III - NEGLIGENCE

26. Plaintiffs reallege and fully incorporate herein the allegations in paragraphs 1-25, supra.

27. Defendants owed a duty to Plaintiffs to deal with them fairly and in good faith.

28. Defendants breached this duty by negligently failing to timely respond to the various request for information.

29. As a direct and proximate result of Defendants' negligence Defendants caused Plaintiffs to suffer general, special and consequential damages in an amount to be proven at trial.

## CLAIM IV - EQUITABLE ESTOPPEL

30. Plaintiffs reallege and fully incorporate herein the allegations in paragraphs 1-29, supra.

31. Defendants continued to accept payments from Plaintiffs despite Plaintiffs demands for an accounting.

32. Plaintiffs have no adequate remedy at law while Defendants have a continuing duty at law and under the contract to provide a timely accounting. Defendant's refusal in light

IGNACIO T. REYES and ESPRECIOSA L.G. REYES, Plaintiffs, vs. LLP MORTGAGE LTD., COUNTRYWIDE HOME LOANS, INC., and DOES 1-99,
**COMPLAINT FOR PERMANENT INJUNCTION; FRAUD; CANCELLATION OF MORTGAGE; QUIET TITLE; BREACH OF FIDUCIARY DUTY; AND DEMAND FOR JURY TRIAL**
CIVIL CASE NO. _____

Page 6

of this duty requires that they be equitably estopped from foreclosing upon Plaintiffs' property or Plaintiffs will suffer irreparable harm.

### CLAIM VI - QUIET TITLE

33. Plaintiffs reallege and fully incorporate herein the allegations in paragraphs 1-32, supra.

34. Defendants claim interests in Plaintiffs' property, and such claimed interests are adverse to that of Plaintiffs.

35. Plaintiffs seek determination of their title to the Merizo property, and require the Court remove the cloud on title created by Defendants' actions.

36. Upon information and belief, Defendants named in the above caption constitute all persons known to Plaintiffs to have some claim or cloud on the title to the Merizo property adverse to Plaintiffs' ownership.

37. There may be other persons still unknown claiming any right, interest or lien in the Merizo property, and causing or contributing to the cloud upon the title of Plaintiffs thereto. Plaintiffs petition the Court to quiet title to the Merizo property as between Plaintiffs and all other persons, named or unknown, claiming any right, title, estate, lien or interest in the Merizo property described in the Complaint adverse to Plaintiffs' ownership.

### CLAIM VII - PERMANENT INJUNCTION

38. Plaintiffs reallege and fully incorporate herein the allegations in paragraphs 1-37, supra.

39. The recording of the Notice of Sale Under Mortgage, publication of the Notice of Sale Under Mortgage, and attempts to sell Plaintiffs' property are wrongful acts by Defendants.

40. Plaintiffs have notified Defendants of these wrongful acts and have demanded that Defendants cease and rescind their acts and conduct. Defendants have refused to cease and rescind their acts and conduct.

41. Defendants' wrongful conduct, unless and until enjoined and restrained will cause great and irreparable harm to Plaintiffs in that the Merizo Property is the subject of a foreclosure sale which would deprive Plaintiffs of the peaceful and continued enjoyment of their property.

42. Plaintiffs have no adequate remedy under law.

43. Plaintiff seeks an order from this court enjoining the sale of Plaintiffs' property under the purported Mortgage.

### CLAIM VIII - BREACH OF FIDUCIARY DUTY

44. Plaintiffs reallege and fully incorporate herein the allegations in paragraphs 1-43, supra.

45. During all times relevant herein, Plaintiffs and Defendants had relationships of trust and confidence.

46. Defendants in its capacity of lender, and because of this relationship of trust and confidence, owed a fiduciary duty of care and good faith to Plaintiffs.

47. Defendants breached this duty of care and good faith toward Plaintiffs when they elected not to protect its interest in Lot 341-1 Merizo, Guam which was mortgaged to Defendants by Plaintiffs loan number 41812804.

48. Defendants willfully breached their fiduciary duties of care and good faith by breaching their representation and promises to act fairly, impartially and in good faith, by

abandoning the aforesaid relationships of trust and confidence through their refusal to preserve Plaintiffs' interest in the Merizo property.

49. By reason of the foregoing breaches and conduct, Defendants have willfully, purposefully, maliciously and oppressively caused Plaintiffs to suffer general, special and consequential damages in an amount to be proven at trial.

50. Plaintiffs are entitled to recover exemplary damages from Defendants for aforesaid breaches of their fiduciary duties and their willful, oppressive and malicious conduct.

PUES, Plaintiffs request judgment against Defendants as follows:

1. For an order permanently enjoining and restraining the sale of the Merizo property;

2. For cancellation of the Reyes Merizo property Mortgage Assignment;

3. For the purported claim and interest of Defendants to the Merizo property to be declared null, void, and of no legal effect;

4. For a decree of this Court determining the adverse claims of Defendants and all persons claiming under them;

5. For a decree declaring the Plaintiffs own the Merizo property in fee simple absolute and are entitled to the quiet and peaceful possession thereof;

6. For a decree declaring and adjudging that Defendants and all persons claiming under them have no estate, right, title, lien, or interest in or to the Merizo property or any part thereof;

7. For damages in an amount to be proven at trial;

8. For attorney's fees;

iGNACIO T. REYES and ESPRECIOSA L.G. REYES, Plaintiffs, vs. LLP MORTGAGE LTD.,
COUNTRYWIDE HOME LOANS, INC., and DOES 1-99,
COMPLAINT FOR PERMANENT INJUNCTION; FRAUD; CANCELLATION OF
MORTGAGE; QUIET TITLE; BREACH OF FIDUCIARY DUTY; AND DEMAND FOR JURY TRIAL
CIVIL CASE NO. _____

Page 9

9. For Plaintiffs' cost of suit incurred herein; and

10. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of February 2006.

PHILLIPS & BORDALLO, P.C.
Attorneys for Plaintiff

BY: _____
MICHAEL F. PHILLIPS

## DEMAND FOR JURY TRIAL

A trial by a jury of six (6) of the issues raised by the pleadings in the above-entitled action is hereby demanded pursuant to Rule 38 of the Guam Rules of Civil Procedure.

Dated this 22nd day of February, 2006.

PHILLIPS & BORDALLO, P.C.
Attorneys for Plaintiff

BY: _____
MICHAEL F. PHILLIPS

Island of Guam, Government of Guam
Department of Land Management, Office of The Recorder

FOR RECORDATION )
AT THE DEPARTMENT )
OF LAND )
MANAGEMENT )

File for record is Instrument No. 658167
on the year 20 02 Month 04 Day 04 Time 1:57
Recording Fee 10- Receipt No. 129707
Deputy Recorder Jane Yamasaki

(Space above for Recorder's Use Only)

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER MORTGAGE BY POWER OF SALE

Written **NOTICE OF DEFAULT** is hereby made that **IGNACIO T. REYES, ESPRECIOSA L.G. REYES AND PAUL L.G. REYES**, whose mailing address is HCR 16055, Merizo, Guam, 96916, hereinafter referred to as "Mortgagors" are in default of their Mortgage with Power of Sale which was executed on April 20, 1991 and recorded with the Department of Land Management, Government of Guam, under Instrument No. 453893 on May 1, 1991 in favor of the **SMALL BUSINESS ADMINISTRATION**, which Mortgage was assigned to LPP Mortgage Ltd. f/k/a Loan Participant Partners, Ltd., hereinafter referred to as "Mortgagee". The subject real property being foreclosed upon is more particularly described as follows:

> Lot No. 341-1, Merizo, Guam, Estate No. 24792, Suburban, containing an area of 59,203 square feet / 5.500 square meters, as shown on Map Drawing No. M71-119, prepared by Juan R. Mega, RLS, No. 20, recertification dated September 14, 1973.

Mortgagors have defaulted in the performance of the terms and conditions of the Promissory Note executed in favor of Mortgagee dated February 12, 1991, and subsequent Modification of Promissory Note dated September 3, 1999, by failing to make the payments as set forth therein. As the Mortgage referred to above was given as security for their performance, the Mortgagors are in default of the terms and conditions of their Mortgage.

Under the Promissory Note and as secured by the Mortgage listed above, the principal sum due is **Seventy Eight Thousand Five Hundred Sixty and 20/100 ($78,560.20) Dollars**, accrued interest as of May 31, 2002 of **Two Hundred Ninety-two and 72/100 ($292.72) Dollars**, plus interest thereon at the rate of 4% per annum from May 31, 2002, to the date of payment or sale and attorney's fees and costs of sale.

**NOTICE IS HEREBY GIVEN** that Mortgagors have until **July 3, 2002**, to pay the amount past due under the Promissory Note, together with the attorneys fees and costs incurred. If that payment is made, this Notice of Default will be void. If that payment is not made, the amount due will be increased as the Mortgagee will elect to consider all sums under the Note due and payable. In accordance with the terms of the Notes and Mortgage, Mortgagee has elected to sell or cause to be sold on a date more than ninety (90) days from the date hereof, in the manner and with the notice for a time not less than required by law for sale of real property under execution, the real property described above, in order to satisfy such obligation.

## NOTIFICATION OF THE AVAILABILITY OF HOMEOWNERSHIP COUNSELING

Due to the delinquency status of your home loan account with LPP Mortgage Ltd. f/k/a Loan Participant Partners, Ltd., Federal law requires that you as a homeowner be notified of the availability of homeownership counseling by a counseling agency approved by the Department of Housing and Urban Development within your community.

You may obtain homeownership counseling at the following:

Guam Housing and Urban Renewal Authority (GHURA)
P. O. Box CS
Hagåtña, Guam 96932
Telephone (671) 477-9851 ~ 4

Foreclosures:BB:374 / MJB:amc
F#BB113

Dated this \_\_1\_\_ day of June 2002..

                                    BERMAN O'CONNOR MANN & SHKLOV
                                    Attorneys for LPP Mortgage Ltd.

                     By: _____
                                    MICHAEL J. BERMAN

GUAM U.S.A           )
                         )  ss:
CITY OF HAGÅTÑA  )

On this \_\_\_\_ day of June 2002, before me, the undersigned notary, personally appeared, **Michael J. Berman**, the person whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily for its stated purpose, as attorney for **LPP Mortgage Ltd.**

                   By: _____
                        Notary Public

```
ROCHELLE L. LEON GUERRERO
       NOTARY PUBLIC
    In and for Guam U.S.A.
My Commission Expires: May 12 2003
P. O. Box 4357 Hagatna, Guam 96932
```

Foreclosures:BB:374 / MJB:amc
F#BB113