

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta"

Attorneys for Plaintiffs

FILED
DISTRICT COURT OF GUAM
JUN 20 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| Ignacio T Reyes et al., | Civil Case No. 1:06-cv-00010 |
| Plaintiff, | |
| vs. | **SCHEDULING ORDER;** <br> **DISCOVERY PLAN** |
| LPP Mortgage Ltd., et al., | |
| Defendants. | |

Plaintiffs Ignacio T. Reyes and Espreciosa L.G. Reyes, through their attorneys of record, Phillips and Bordallo, P.C., by Michael F. Phillips, and LPP Mortgage Ltd. and Countrywide Home Loans, Inc., through their attorneys of record, McCully & Beggs, P.C., by Mark Beggs, pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and Local Rule 16.1 for the District Court of Guam, submit the following Scheduling Order and Discovery Plan:

1. The nature of the case is as follows: Plaintiff brings this action for a permanent injunction, cancellation of mortgage, to quiet title, and for breach of fiduciary duty.

2. The posture of the case is as follows:

**ORIGINAL**

a) The following motions are on file: *None.*

b) The following motions have been resolved: *None.*

c) The following discovery has been initiated: *None.*

3. All motions to add parties and claims shall be filed on or before: **September 5, 2006.**

4. All motions to amend pleadings shall be filed on or before: **September 12, 2006.**

5. Status of Discovery:

The following is a description and schedule of all pretrial discovery each party intends to initiate prior to the close of discovery:

Plaintiff: *Interrogatories, Requests for Admissions and Production of Documents.*

Defendant: *Interrogatories, Requests for Admissions and Production of Documents, and Depositions.* .

6. The parties shall appear before the District Court on **June 20, 2006** at **9:30 a.m.** for the Scheduling Conference.

7. The discovery cut-off date (defined as the last day to file responses to discovery) is: **November 6, 2006**

8. a) The anticipated discovery motions are: *Motions to Compel.*

All discovery motions shall be filed on or before **November 13, 2006**, ~~and heard on or before December 13, 2006.~~

b) The anticipated dispositive motions are: Motions for Summary Judgment, Motions for Partial Summary Judgment;

All dispositive motions shall be filed on or before **December 20, 2006**, ~~and heard on or before January 23, 2007~~.

9. The prospects for settlement are: Fair.

10. The Preliminary Pretrial Conference shall be held on the **20th** day of **February 2007**, at ~~1:00 p.m.~~ 10:00 a.m. (no later than twenty-one (21) days prior to trial date).

11. The parties' pretrial materials, discovery material, witness lists, designations and exhibit lists shall be filed on or before **February 27, 2007** (no later than fourteen (14) days prior to trial).

12. The Proposed Pretrial Order shall be filed on or before **February 27, 2007**, (no later than fourteen (14) days prior to trial).

13. The Final Pretrial Conference shall be held on **March 6, 2007** at ~~1:00~~ 10:00 a.m. (no later than seven (7) days prior to trial).

14. The trial shall be held on ~~Monday~~ Tuesday, **March 13, 2007**, at 9:00a.m. (in no event shall the trial be later than 18 months after the complaint is filed, unless the Court otherwise allows).

15. The trial is a jury trial.

16. It is anticipated that it will take *three (3)* days to try this case.

17. The names of counsel in this case are:

   For Plaintiff:   Michael F. Phillips of The Law Offices of Phillips & Bordallo, P.C.

For Defendant: Mark Beggs of The Law Offices of McCully & Beggs, P.C.

18. The parties do wish to submit this case to a settlement conference.

19. The parties present the following suggestions for shortening trial:

1. The parties believe they will be able to stipulate to many facts involved in this case and therefore, if approved and accepted by the Court, the factual stipulations will result in a substantial reduction in trial time.

2. The parties believe they will be able to stipulate and narrow the issues to be resolved by the Court, and therefore, if approved and accepted by the Court, the parties' stipulation to controlling issues will result in a substantial reduction in trial time.

3. The parties believe this case comes down to the resolution of eight (8) legal issues:

    a. Whether Defendants were required to provided to Plaintiffs a sufficient accounting of the amounts owed under the mortgage and if so, did Defendants comply with this obligation?

    b. Whether Defendants were required to maintain a valid business license while conducting business on Guam and with Plaintiffs, and, if so, did Defendants comply with this mandate, and, if not, are the promissory note and mortgage herein valid and/or does such failure to maintain a current business license prevent Defendants from attempting to collect the debt in question from Plaintiffs?

c. Whether Defendants breached a duty owed to Plaintiffs in the handling of their mortgage and related inquiries and, if so, did Defendants' actions amount to negligence, and, if so, do they owe damages to Plaintiffs?

d. Whether Defendants have a duty under law or contract to provide timely accounting, and, if so, did they refuse to do so, and, if so, may Defendants be equitably estopped from continuing to collect the arrears under the mortgage?

e. Whether Defendants' conduct improperly created a cloud on Plaintiffs' title, if any, to the property subject to the mortgage herein?

f. Whether Defendants are entitled to an injunction against Plaintiffs preventing Defendants from selling Plaintiffs' property (subject to the mortgage herein) resulting from the arrears?

g. Whether Defendants breached their fiduciary duty, if any, owed to Plaintiffs?

h. Whether Defendants' acts Plaintiffs complain of were willful, purposeful, malicious, and oppressive, and if so, may Plaintiffs receive exemplary damages against Defendants?

i. Whether the complaint states a claim upon which relief may be granted?

j. Whether the Plaintiff's are barred from seeking relief by the legal doctrines of waiver, estoppel, accord and satisfaction, laches and/or unclean hands.

k. Whether the complaint is barred by the applicable statute of limitations.

l. Whether the damage, if any, that was suffered by Plaintiffs was caused by Defendants and whether Plaintiff's mitigated any damage that they might have suffered.

The parties respectfully request the Court address these issues in the course of these proceedings.

20. At this time, there are no further issues affecting the status or management of the case.

SO ORDERED, this 20th day of June, 2006.



RECEIVED
JUN 14 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

_____
HONORABLE JOAQUIN V. E. MANIBUSAN, JR.
U. S. Magistrate Judge

RESPECTFULLY SUBMITTED:

PHILLIPS & BORDALLO, P.C.
Attorneys for Plaintiff

By: _____
Michael F. Phillips
Dated: 6/14/06

APPROVED AS TO FORM AND CONTENT:

MCCULLY & BEGGS, P.C.,
Attorneys for Defendant

By: _____
Mark Beggs
Dated: 6-14-06