

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta"

Attorneys for Plaintiffs

FILED
DISTRICT COURT OF GUAM
NOV 26 2007
JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

Ignacio T. Reyes et al., )  Civil Case No. CV 06-00010
            )
    Plaintiff, )
            )  **SUBMISSION OF PETITION FOR**
    vs.     )  **APPROVAL OF SETTLEMENT**
            )
LPP Mortgage Ltd., et al., )
            )
    Defendants. )

Paul Reyes, administrator of the estate of Ignacio T. Reyes, through his attorneys of record, Phillips and Bordallo, P.C., by Michael F. Phillips, submits a copy of the Petition for Order Authorizing Approval of Settlement Agreement filed with the Superior Court of Guam on October 5, 2007.

Respectfully submitted this 26th day of November 2007.

PHILLIPS & BORDALLO, P.C.
Attorneys for Plaintiff

By: _____
    Michael F. Phillips

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta"

FILED
SUPERIOR COURT
OF GUAM
2007 OCT -5 PM 3: 31
CLERK OF COURT
BY:____

IN THE SUPERIOR COURT OF GUAM

HAGATNA, GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATES OF IGNACIO T. REYES, Deceased. | PROBATE CASE NO. PR0033-07<br><br>**PETITION FOR ORDER AUTHORIZING APPROVAL OF SETTLEMENT AGREEMENT** |

Paul Reyes, Administrator of the Estate of Ignacio T. Reyes, petitions the Court, pursuant to 15 GCA §2215, to approve the compromise and settlement of debt with LLP Mortgage, according to the terms and conditions of the Settlement Agreement attached hereto as Exhibit "A". This Petition is supported by the following:

1. Petitioner is a resident of Guam and is the duly appointed Administrator of the Estate of Ignacio T. Reyes.

2. On December 7, 2006, as a resolution to District Court of Guam Case <u>No. CV06-00010 Ignacio Reyes et al., v. LPP Mortgage Ltd., et al,</u> LPP Mortgage, LTD., initiated a settlement agreement and release with Ignacio T. Reyes and Espreciosa L.G. Reyes. Prior to full execution of the settlement agreement, Mr. Ignacio Reyes became ill and passed on December 28, 2006.

3. The Estate consists of:

> Lot No. 341-1-1 and an undivided interest in Lot no. 341-1-1-R/W, Merizo, Guam, Estate No. 73260, Suburban, as said lots are marked and designated on Map Drawing No. RTDC090594. Area: 1,587 ±

1

square meters (Lot No. 341-1-1); 797 ± squared meters (Lot No. 341-1-1-R/W.

4. The initial term of the Agreement is for thirty (30) years. The unpaid principal balance is approximately $116,697.42 at 4% per annum interest.

WHEREFORE, Petitioner prays, the Court issue and enter an order;

1. Approving the proposed settlement agreement, as it is in the best interest and advantage of the Estate and its beneficiaries;

2. For other orders and instructions as the Court deems proper.

Dated this 5th day of October 2007.

PHILLIPS & BORDALLO, P.C.

By: _____
MICHAEL F. PHILLIPS

2

# McCULLY & BEGGS, P.C.
## ATTORNEYS AT LAW

DUNCAN G. McCULLY
MARK S. BEGGS

SUITE 200, 139 MURRAY BOULEVARD
HAGATNA, GUAM 96910

TELEPHONE:
(671) 477-7418
TELECOPIER:
(671) 472-1201
EMAIL:
mblaw@guam.net

December 7, 2006

<u>Via E-Mail Only</u>

PHILLIPS & BORDALLO, P.C.
Suite 102, 410 West O'Brien Drive
Agana, Guam  96910

Attention: Michael F. Phillips

RE: <u>Reyes v. LPP Mortgage Ltd. & Countrywide Home Loans</u>

Dear Mike:

    Accompanying this letter are: a) Settlement Agreement and Release; and b) Loan Modification Agreement.

    Please review these documents along with your clients and advise me when they are ready to sign. It is necessary that I be present when Mr. and Mrs. Reyes sign. They are elderly and I want to make sure they know what they are executing. I will also be available to answer any questions that they might have.

Sincerely,

Mark S. Beggs

Enclosures
cc: Patricia McHenry
    Benjamin Fishman
    Emily Cedillo
F# 3695-638

EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into on the last date set forth on the signature page hereto, by and among IGNACIO T. REYES and ESPRECIOSA L.G. REYES (collectively the "Reyes"), LPP MORTGAGE, LTD. ("LPP"), and COUNTRYWIDE HOME LOANS, INC. ("Countrywide"). The Reyes, LPP and Countrywide are collectively referred to herein as the "Parties."

RECITALS:

1. On or about February 12, 1991, the Reyes obtained a loan (the "Loan") in the amount of $92,600.00 from the United States Small Business Administrations ("SBA") and executed a promissory note (the "Note") in favor of the SBA. The Note was secured by a first mortgage ("Mortgage") entered into on or about April 20, 1991, in favor of the SBA on the real property described as Mortgagor's interest in Lot No. 341-1, Merizo, Guam, which is now described as Lot 341-1-1 and an undivided 1/3 interest in Lot No. 341-1-R/W, Merizo, Guam, Estate No. 73260, Suburban, as said lots are marked and designated on Map Drawing No. RTDC090594, dated August 4, 1995 and recorded on April 10, 1996 in the Office of the Recorder, Department of Land Management, Government of Guam ("Office of the Recorder") as Instrument No. 543979. Area: 1,587+ square meters (Lot No. 341-1-1); 797+ square meters (Lot No. 341-1-R/W) (the "Property"). The Note was subsequently modified by the Modification of Promissory Note executed on or about September 3, 1999 and recorded in the Office of the Recorder as Instrument No. 662570 on or about September 12, 2002.

2. The SBA assigned the Note and Mortgage to LPP effective as of August 3, 2000. LPP's loan number for the Loan is 47991420.

3. Beal Bank serviced the Loan for LPP through November 2003. Countrywide began servicing the Loan for LPP on or about December 1, 2003.

4. A dispute developed between the Reyes, LPP and Countrywide concerning the Note, the Mortgage and the servicing of the Loan. The dispute is the subject of a Complaint for Permanent Injunction; Fraud; Cancellation of Mortgage; Quiet Title; Breach of Fiduciary Duty; and Demand for Jury Trial (the "Complaint") filed by the Reyes in the Superior Court of Guam ("Superior Court"), entitled <u>Ignacio T. Reyes and Espreciosa L.G. Reyes v. LLP Mortgage, Ltd., Countrywide Home Loans, Inc. and Does 1-99</u> (the "Lawsuit").

5. On or about March 22, 2006, LPP and Countrywide removed the Lawsuit to the United States District Court of Guam, which assigned Civil No. 06-0010 to the Lawsuit.

6. On or about March 31, 2006, LPP and Countrywide filed an Answer to the Reyes' Complaint. The Answer asserted multiple defenses to the Reyes' Complaint.

7. The Parties wish to settle, compromise, and resolve all of the claims and defenses asserted in the Lawsuit on the terms and conditions hereinafter set forth.

8. The Parties acknowledge that this Agreement relates only to Loan No. 47991420 and is not intended to and does not relate to Loan No. 41812804.

NOW, THEREFORE, in consideration of the mutual covenants and promises contained in this Agreement and for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby agree as follows:

A. <u>Loan Modification</u>

1. Commencing with the payment due on December 12, 2006, the

Reyes will pay a total of $789.33 in principal and interest each month to LPP on the Loan until the Note is completely paid in full.

2. Commencing with the payment due on December 12, 2006, the Reyes will also pay to LPP each month on the same date that monthly payments are due under the Note a sum for reimbursement of any real property taxes and/or hazard insurance paid or to be paid by LPP, which sum will vary over the term of the Note and Mortgage but is currently $22.54.

3. The term of the Loan shall be extended to December 11, 2023.

4. Except as specifically modified in this Agreement, all of the terms of the Note and Mortgage and the rights and obligations of the Parties as set forth in the Note and Mortgage, including the Reyes' obligation to make payments into an escrow account to pay real property taxes and hazard insurance, shall remain in full force and effect. Therefore, if the Reyes breach the terms of the Note and/or Mortgage, as modified herein, LPP will be entitled to pursue its remedies, including foreclosure of the Mortgage.

5. The Reyes, having agreed to the terms set forth in this Section A with the advice of counsel, agree that they have no claims or causes of action with respect to the modification of the Note and Mortgage and that they have agreed to the modification freely, voluntarily, and knowingly and waive any claims that they conceivably might have with respect to such modification. A copy of the Loan Modification Agreement, the terms of which are incorporated by reference into this Agreement, is attached hereto as Exhibit "A."

B. <u>Release</u>

The Reyes (as well as their heirs, devisees, beneficiaries, assigns, employees,

agents, attorneys, representatives, and trustees and all persons or entities claiming by, through or under the Reyes) do hereby release, discharge and forever hold harmless LPP and Countrywide (as well as each of their respective current or former parents, affiliates, subsidiaries, predecessor and successor entities, mortgage servicers, assigns, stockholders, officers, directors, principals, partners, employees, agents, attorneys, trustees, and other representatives), from and on account of any and all known or unknown claims, demands, actions, causes of action, liabilities, costs, expenses and all other damages of whatsoever name or nature, whether at law or in equity, in any manner connected with, involving, concerning, or relating to the Loan including its origination and servicing, the Note, the Mortgage, the Lawsuit, and any and all allegations, claims, causes of action, and claims for relief that could have been contained or alleged in the Lawsuit and the matters covered by this Agreement.

In connection with this Release, the Reyes acknowledge that they are aware that they or their attorneys may hereafter discover facts different from, or in addition to, the facts which they now know or believe to be true and further that they are familiar with 18 G.C.A. Section 82602, which provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in its favor at the time of executing the release, which if known by him must have materially affected his settlement with debtor." The Reyes expressly waive and relinquish any and all rights under 18 G.C.A. Section 82602.

C.    <u>Attorneys' Fees and Costs</u>

    1.    Each of the Parties shall be responsible for its own attorney's fees and costs in connection with this matter.

2.  If any party commences an action against any other party for breach of this Agreement, the prevailing party shall be entitled to recover from the losing party or parties its attorney's fees, costs, and other incurred litigation expenses.

D.  Dismissal of Litigation

1.  The Parties shall execute and file in the United States District Court of Guam a stipulation of dismissal with prejudice of the Lawsuit.

2.  Within fourteen (14) days after the dismissal order is filed, the Reyes will release the notice of pendency of action that they filed as Instrument No. 721525 in the Guam Department of Land Management, Office of the Recorder ("Office of the Recorder"), and will arrange to have such release recorded in the Office of the Recorder.

E.  Other Understandings and Agreements

1.  Representation and Warranty. The Reyes warrant and represent that they are the only holders and/or owners of the claims and causes of action herein compromised and released, and that they have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, or by operation of law, any claim, demand or cause of action herein released. The Reyes further warrant and represent that they have full capacity to enter into this Agreement.

2.  Compromise of Disputed Claims. The Parties agree and acknowledge that this Agreement and the consideration hereunder is solely in compromise of disputed claims and is not to be construed as an admission by any party of liability, legal responsibility, and/or wrongdoing of any kind.

3.  Binding Effect. This Agreement shall be binding on and inure to

the benefit of the Reyes, LPP and Countrywide and their respective affiliates, successors, heirs and assigns.

4. **Knowledge and Representation By Counsel.** The Reyes make this Agreement with full knowledge of the facts and possibilities regarding present and future litigation, are represented by counsel, and execute this Agreement being fully informed as to its terms, content, and effect.

5. **Complete and Final Bar.** The Reyes agree that acceptance of the consideration and agreements described above and execution of this Agreement constitute a complete and final bar to any and all claims, actions, causes of action, claims for relief, liability, costs, expenses, fees, demands, injuries, losses, and all other special, general, punitive and other damages of whatever name or nature in any manner arising out of, connected with or in any manner concerning or relating to the matters raised in the Lawsuit or covered by this Agreement. The Reyes further agree that this Agreement forever and finally compromises, settles, and terminates any and all disputes, claims, claims for injury, loss, damages, costs, expenses, and fees of whatever nature, known or unknown, in any manner arising, growing out of, connected with or in any manner involving, concerning or relating to the released claims.

6. **Complete Agreement.** This Agreement constitutes the entire agreement between the Parties and supersedes any and all previous agreements. No amendment, modification or alteration of this Agreement shall be effective unless it is in writing and duly executed by the Parties.

7. **Severability.** If any portion, provision or part of this Agreement is determined to be invalid, unenforceable or void for any reason whatever, the remainder

of this Agreement shall not be affected thereby and each remaining portion, provision, and part shall continue to be valid, effective, and enforceable to the fullest extent permitted by law.

8. <u>Authorization to Execute Agreement</u>. Each individual whose signature is affixed to this Agreement in a representative capacity specifically represents and warrants that he or she has been authorized to execute the Agreement on behalf of and to bind the party on whose behalf he or she has signed the Agreement.

9. <u>Cooperation</u>. The Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

10. <u>Interpretation of Agreement</u>. This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one party.

11. <u>Governing Law</u>. This Agreement shall be subject to, governed by, construed, and enforced pursuant to the laws of Guam.

12. <u>Execution</u>. This Agreement may be executed in counterparts, all of which shall constitute one document to the same effect as though the signatures of all of the Parties were upon the same document. Facsimile signatures shall be accepted as originals.

IN WITNESS WHEREOF, the Parties have executed this Agreement effective as of the last date set forth below.

Dated _____, 2006.        _____
                                    IGNACIO T. REYES


Dated _____, 2006.        _____
                                    ESPRECIOSA L.G. REYES


Dated _____, 2006.        Approved as to form:


                                    _____
                                    MICHAEL F. PHILLIPS
                                    Attorney for IGNACIO T. REYES and
                                    ESPRECIOSA L.G. REYES


Dated _____, 2006.        LPP MORTGAGE LTD.

                                    By _____

                                    Its _____

Dated _____, 2006.        COUNTRYWIDE HOME LOANS, INC.

                                    By _____

                                    Its _____

Dated _____, 2006.        Approved as to form:


                                    _____
                                    MARK S. BEGGS
                                    Attorney for LPP MORTGAGE LTD and
                                    COUNTRYWIDE HOME LOANS, INC.

| |
|---|
| RECORDING REQUESTED BY:<br>LPP MORTGAGE LTD. AFTER<br>RECORDATION, DELIVER COPIES TO<br>McCULLY & BEGGS, P.C.<br>SUITE 200, PAN AMERICAN BUILDING<br>139 MURRAY BOULEVARD<br>HAGATNA, GUAM 96910  THE REAL<br>PROPERTY AFFECTED BY THIS<br>INSTRUMENT IS REGISTERED LAND;<br>THE REGISTERED OWNER BEING<br>IGNACIO REYES.  THE LAST<br>CERTIFICATE OF REGISTRATION IS<br>107296. |

Loan#: 47991420
——————————SPACE ABOVE THIS LINE FOR RECORDER'S USE——————————

## LOAN MODIFICATION AGREEMENT
(Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this ___th day of December 2006, between IGNACIO T. REYES and ESPRECIOSA L.G. REYES and LPP MORTGAGE LTD. ("Lender"), amends and supplements (1) the Mortgage (the "Security Instrument"), dated the 20th day of April 1991 and recorded with the Office of the Recorder, Department of Land Management, Government of Guam ("Office of the Recorder") on the 1st day of May 2001 as Instrument No. 453893; and (2) the Note dated February 12, 1991 executed by IGNACIO T. REYES and ESPRECIOSA L.G. REYES. The Security Instrument and Note were assigned to LPP Mortgage Ltd. pursuant to the Assignment of Notes and Liens executed by the United States Small Business Administration on July 10, 2001 and recorded with the Office of the Recorder on September 12, 2002 as Instrument No. 662579.

The real property affected by the Security Instrument is described as Mortgagor's interest in Lot No. 341-1, Merizo Guam, which is now described as Lot 341-1-1 and an undivided 1/3 interest in Lot No. 341-1-R/W, Merizo, Guam, Estate No. 73260, Suburban, as said lots are marked and designated on Map Drawing No. RTDC090594, dated August 4, 1995 and recorded on April 10, 1996 in the Office of the Recorder as Instrument No. 543979. Area: 1,587+ square meters (Lot No. 341-1-1); 797+ square meters (Lot No. 341-1-R/W).

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of the 12th day of December 2006, the principal amount payable under the Note or Security Instrument (the "Unpaid Principal Balance") is U.S. $116,697.42 consisting of the amount(s) loaned to the Borrower by the Lender and any interest capitalized to date.

2. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.000% from

the 12th day of November 2006. The Borrower promises to make monthly payments of principal and interest of U.S. $789.33 beginning on the 12th day of December 2006, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on the 1st day of November 2036 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, the Borrower will pay these amounts in full on the Maturity Date.

3. The Borrower will make such payments at 450 American Street, Simi Valley, California 93065 or at such other place as the Lender may require.

4. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument and this Agreement.

5. The Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument; however, if your original Note or Security Instrument has an Adjustable Rate, the following terms and provisions are cancelled, null, and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the original Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment, in the rate of interest payable under the Note; and
    (b) all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the original Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all terms and provisions thereof, as amended by this Agreement.

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

_____          Dated:_____
IGNACIO T. REYES


_____          Dated:_____
ESPRECIOSA L.G. REYES

ISLAND OF GUAM
HAGATNA, GUAM

On this _____, th day of December 2006 before me, the undersigned Notary Public, personally appeared personally appeared Ignacio T. Reyes and Espreciosa L.G. Reyes, the persons whose names are signed on the preceding document and acknowledged by me that they signed it voluntarily for the stated purpose.

WITNESS my hand and official seal.

Signature_____

********************************************************************

LPP MORTGAGE LTD

By: _____     Dated:_____


STATE OF CALIFORNIA
COUNTY OF VENTURA

On _____ before me, _____
Notary Public, personally appeared _____
_____
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged the me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signatures(s) on the instrument the person (s), or entity upon behalf of which the person (s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____